Opinion of the Court.
THE defendant in error commenced this action on the official bond of a constable against one of the securities, and declared on the penalty in two counts, setting out the condition, and assigned for breach that he had delivered three several executions on the day of their date, in his favor against other individuals, und describing particularly their sums and costs and time of return, and alleged that the constable might have collected the money by reasonable exertion, but failed to do so or to return the executions according to *348 law, whereby, he, the relator of the plaintiff, was greatly injured, and delayed in the collection of his demands. To this declaration the defendant below demurred, and the demurrer was overruled, and that decision is assigned for error.
A declaration on a constable’s bond, held sufficient.
All reasonable inferences from the facts proved, are to be indulged on a demurrer to evidence.
*348 1. We discover no substantial defect in the declaration. It is in good form and assigns the breaches with accuracy, and shews on its face a breach of the condition of the bond and a good cause of action. The demurrer was, therefore, properly overruled. The defendant below then pleaded as follows :
"That the said constable, in his life time, kept and performed the conditions of said bond.” To this the relator replied, “ that the said constable did not, in his life time, nor has any one since for him, kept and performed the covenants in the declaration mentioned. A jury was sworn to try the issue. On the trial, the plaintiff below gave in evidence an authenticated copy of the official bond of the constable set out in the declaration, and a receipt signed by the constable to the following effect:
“ 18th September, 1819.
“Received of Tally R. Payne three executions, one on Samuel Caldwell, Clairborn Bobbett and William Renix, $46 70, interest from the 3d March, 1818; also, vs. Samuel Caldwell and Clairborn Bobbett for $20 25, interest as above; one against the same, $ 19 82 cents, interest as above, to collect and account for agreeable to law.”
This writing was endorsed thus :
"The within executions issued on the 18th day of September, 1819. Signed, JOHN KEEL.
The defendant below gave no evidence, but demurred to the foregoing evidence on the part of the plaintiff, who joined in the demurrer, which was considered by the court and decided in favor of the plaintiff below before the jury retired, and thereupon an entry is made on the record to this effect. “ It is ordered that the demurrer be overruled and the evidence permitted to go to the jury”
2 This decision on the demurrer, and particularly so much as permitted the evidence to go to the jury, is assigned as error. It is also urged that the declaration and evidence does not show that the executions were in force, or whether the return days had or had *349 not elapsed. As to the declaration this exception is wholly unfounded. It shews the date of the executions and the day of their delivery to the officer, to be the same. We cannot, therefore, suppose that the executions were issued different from what the law requires, that is, with a return day shorter than the law prescribes ; they were, therefore, in due form at the date of their delivery to the officer. Neither can this exception, even if a demurrer to evidence was proper, be more availing as to the evidence. The constable received the executions officially, and engaged to account for them or collect them by law. Admitting the certificate by John Keel then to have no weight, we must at once presume that the constable did not receive executions whose return days were passed, and whose force had expired, and all reasonable inferences must be indulged on a demurrer to evidence.
Where a defendant pleads performance of the duties required, he ought not to be permitted to demur to evidence tending to show his responsibility to perform them; because, by his plea, he has admitted the facts which such evidence conduces to prove.
3. But we cannot admit such demurrer to have been proper on the part of the defendant below on this state of the pleadings in this cause. It can only be indulged in favor of him who holds the negative of the issue. By demurring he admits the facts proved, and every fact which can be rationally inferred from those proved, and then prays the judgment of the court thereupon, whether the facts proved or rationally presumed, support the issue in law. In this case, however, the defendant did not contest the existence of the bond, or the receipt of the executions, or their validity at the date of the delivery. On the contrary, he pleaded that the conditions were performed; in other words, that the constable had levied the executions, and made the money, and returned them as the law and the stipulations of the bond required. He did not even attempt an apology by his plea, for not doing so. All the use then, that the evidence could be of, was, to aid the jury in ascertaining the damages, and for this purpose as the court overruled the demurrer, the jury might lawfully use it, and the court, therefore, to that end, properly permitted it to go to the jury, as the damages in this case might have been far less than the amount of the executions, and of the damages found there is no complaint.
The court below gave judgment for the penalty directing it to be discharged by the damages assessed, and, also, such other damages as might from time to *350 time, be assessed, upon a scire facias, that might thereafter be sued out upon the judgment for a breach of the defendant’s bond.” This last direction of the judgment is assigned for error. Whether a scire facias at the suit of another relator, can issue on this judgment, or whether any other person injured by a breach of the bond, must bring an original suit for other breaches, is a question we need not now determine; for the question cannot properly be made till some other person may attempt that remedy. As between the present relator and the defendant below, who are the real parties to this suit, we have no doubt that the judgment for the penalty may be made use of for other breaches, which may have occurred. Were it admitted, that others might attempt to resort to their scire facias, the possibility, or even probability of this would not warrant a reversal of the judgment. It must, therefore, be affirmed with costs and damages.